## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **NANCY BILLINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.** |
| | ) | **02-40248-FDS** |
| **TOWN OF GRAFTON, RUSSELL** | ) | |
| **CONNOR, JR., ROGER HAMMOND,** · | ) | |
| **SUSAN MILLS, CHRISTOPHER LEMAY,** | ) | |
| **BROOK PADGETT, and PETER ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The plaintiff has the burden of proving her claims by what is called the preponderance of the evidence. That means that for the plaintiff to prevail, the jury must believe that what she claims is more likely true than not. To put it another way, if you were to put the plaintiff's evidence and the defendant's evidence on opposite sides of a scale, the plaintiff would have to make the scale tip somewhat in her direction.

The burden of proof, throughout the trial, generally rests on the plaintiff. At certain times, however, the burden shifts to the defendant. This occurs when the law permits the defendant to seek to prove certain kinds of defenses. I will explain to you later in these instructions when that occurs. Otherwise, however, the burden of proof rests with the plaintiff.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated.

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it, and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4) Anything that I have excluded from evidence, or ordered struck from the record and instructed you to disregard, is not evidence.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

4

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is evidence that directly addresses the truth of a fact, such as testimony from an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both or to give greater weight to one or the other. It is for you to decide how much weight to give to any evidence.

5

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

## CREDIBILITY OF WITNESSES

Whether a party has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience. You may believe everything a witness says, or only part of it, or none of it. It is entirely up to you.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any biases they may have displayed; any interests they may have in the outcome of the case; any prejudices they may have shown; their opportunities for seeing and knowing the things about which they have testified; and the reasonableness or unreasonableness of the events that they have described.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

Some prior inconsistent statements may be used for purposes other than impeachment. If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a deposition, you may consider that earlier statement for its truth or falsity, the same as any testimony at the trial.

8

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

9

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number or that there may be gaps in the number sequence.

## INTRODUCTION TO CLAIMS

The plaintiff has brought two basic types of claims in this case: sexual harassment claims and retaliation claims. These claims were brought under both federal and Massachusetts law. It is unlawful under both federal and state law to sexually harass someone in the workplace, or to retaliate against a person who has complained of such harassment.

The Complaint thus contains four counts. Count One alleges a federal claim of sexual harassment. Count Two alleges a federal claim of retaliation. Count Three alleges a state claim of sexual harassment. Count Four alleges a state claim of retaliation.

Although some of the plaintiff's claims are brought under federal law and others under state law, in almost all respects, the two laws are the same. I will instruct you when there are differences that are material to your deliberations. For the sake of convenience, I will instruct you on Counts One and Three, the claims for sexual harassment, at the same time. Likewise, I will instruct you on Counts Two and Four, the claims for retaliation, at the same time. In rendering your verdict, however, you will have to render verdicts as to each specific claim, whether brought under federal or state law.

11

## CONSIDER EACH CLAIM AND EACH DEFENDANT SEPARATELY

There are seven defendants in this case: the Town of Grafton; Russell Connor, Jr.; Roger Hammond; Susan Mills; Christopher LeMay; Brook Padgett; and Peter Adams. Only the Town of Grafton is a defendant in Counts One and Two, the claims brought under federal law. The Town and Mr. Connor are defendants in Count Three, the state law sexual harassment claim. All defendants are named in Count Four, the state law retaliation claim.

You must decide the case as to each claim, and each defendant, separately.

12

**COUNTS ONE & THREE—ELEMENTS OF THE CLAIM—SEXUAL HARASSMENT**

Let me turn first to the claims of sexual harassment, Counts One and Three. As to these claims, the plaintiff has the burden of proving, by a preponderance of the evidence, each of the following things:

First, that she is a member of a protected class (in other words, that she is a woman);

Second, that she was intentionally subjected to unwelcome harassment at work;

Third, that the harassment was based on her membership in the protected class (in other words, because she is woman);

Fourth, that the harassment or discrimination was both objectively and subjectively offensive — in other words, that a reasonable person would find it hostile, intimidating, humiliating, or abusive, and that the plaintiff in fact did find it hostile, intimidating, humiliating, or abusive; and

Fifth, that the harassment was sufficiently severe or pervasive that it altered the conditions of her employment and created a hostile work environment.

The parties, of course, agree that Ms. Billings is a woman, and therefore the first element is satisfied. I will explain the other four elements in turn.

13

**COUNTS ONE & THREE—SECOND ELEMENT—UNWELCOME HARASSMENT**

The second element that the plaintiff must prove is that she was subjected to unwelcome harassment at work.

To satisfy this element, it is not necessary that the plaintiff prove that she was the subject of any sexual proposition, offensive touching, or sexual comments, innuendo, or suggestions. Similarly, the conduct need not be motivated by sexual desire in order to qualify as harassment. The harassing conduct, however, must have been deliberate, and not accidental or involuntary.

## COUNTS ONE & THREE—THIRD ELEMENT—HARASSMENT BASED ON CLASS

The third element that the plaintiff must prove is that the harassment she experienced was because of her membership in a protected class—in other words, because she was a woman.

## COUNTS ONE & THREE—FOURTH ELEMENT—SUBJECTIVELY AND OBJECTIVELY OFFENSIVE

The fourth element that the plaintiff must prove is that the harassment was offensive in two ways: objectively and subjectively.

For the harassment to be objectively offensive, a reasonable person in the plaintiff's position, considering all the circumstances, would have found the harassment to be hostile, intimidating, humiliating, or abusive.

For the harassment to be subjectively offensive, the plaintiff herself, in fact, must have found the harassment to be hostile, intimidating, humiliating, or abusive.

Again, the plaintiff must prove that the harassment was both objectively and subjectively offensive.

16

## COUNTS ONE & THREE—FIFTH ELEMENT—SEVERE AND PERVASIVE HARASSMENT

The fifth element that the plaintiff must prove is that the harassment was sufficiently severe or pervasive that it altered the conditions of her employment and created a hostile, intimidating, humiliating, or abusive work environment.

To determine if the harassment meets that standard, you should consider all the circumstances. Among other things, you may consider the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or merely offensive; and whether it unreasonably interfered with the plaintiff's work performance. The less severe the harassing conduct, the more pervasive or frequent it must be to constitute a violation. Likewise, the less pervasive or frequent the harassing conduct, the more severe it must be to constitute a violation. However, the fact that a person was able to get her work done despite the harassment does not, by itself, mean that you should find that the harassment was not sufficiently severe or pervasive. There is no mathematically precise test, and no single factor is required.

17

## LIMITING INSTRUCTION—EXPERIENCES OF OTHER WOMEN

You have heard evidence concerning the experiences of other women who interacted with Mr. Connor. You may consider that evidence in order to assess whether the working environment in which plaintiff was employed was hostile, intimidating, humiliating, or abusive.

You may also consider that evidence in assessing the motive and intentions of Mr. Connor. You may not, however, consider that evidence simply for the purpose of determining whether Mr. Connor has a bad character, or is otherwise a bad person.

## LIMITING INSTRUCTION—EVIDENCE OF INVESTIGATIONS

You have heard evidence that various persons conducted investigations at the request of the Town of Grafton, and that those persons prepared written reports of their findings and conclusions. Those reports contain descriptions of facts, or conclusions derived from those facts. That evidence may be considered by you in assessing the actions of the defendants in response to any complaints of sexual harassment and retaliation made by the plaintiff.

You may not, however, consider any factual assertion made in those reports as evidence that the fact is true, with one exception that I will describe in a moment. In other words, the factual findings set forth in those reports are not evidence that those facts are true, only that those facts were reported to the defendants. You, the jury, must make your own factual conclusions, based on the testimony and other evidence in this case.

That distinction is important, and you must bear it in mind as you consider the evidence in this case. I will give you an example to illustrate the distinction. Suppose, for example, that a report of investigation stated "X is true." That is not evidence that "X is true," only that defendants were *told* that "X is true." Now suppose further that Witness A in the case testified that "X is true." Now there is evidence that "X is true." You may choose to believe Witness A, and conclude that "X is true."

There is an exception, as I have indicated. Statements set forth in those reports that were reported to have been made by Ms. Billings, Mr. Connor, or any other person who is named as a defendant in this lawsuit may be considered as you would any other evidence, without restriction.

19

## COUNT ONE—LIABILITY OF THE TOWN OF GRAFTON

I now come to the first instance where federal law differs from state law. Federal law against sexual harassment applies only to "employers"—there is no liability against individual supervisors or employees under federal law. In other words, when a plaintiff believes that she has been subject to sexual harassment at work, she cannot bring a federal claim against the person who harassed her; she can only bring such a claim against her employer. Here, the parties agree that the Town of Grafton is the employer of Ms. Billings.

Employers are liable for any sexual harassment committed by a supervisor against an employee in the course of his employment. Here, the parties agree that Mr. Connor was the supervisor of Ms. Billings. Thus, if you find that the plaintiff has satisfied the elements of a sexual harassment claim with respect to conduct by Mr. Connor, you should find against the Town of Grafton on Count One.

## COUNT THREE—LIABILITY OF DEFENDANTS TOWN OF GRAFTON AND CONNOR

Unlike federal law, state law permits a plaintiff to file a sexual harassment claim against both employers and individuals. The plaintiff has brought this claim for sexual harassment against her supervisor, Mr. Connor, in addition to her employer, the Town of Grafton.

The basis for the liability of the employer is the same under state law as under federal law. Thus, if you find that the plaintiff has satisfied the elements of a sexual harassment claim as to Mr. Connor, you should find against Mr. Connor as well as against the Town of Grafton on Count Three.

21

## COUNT ONE—TOWN OF GRAFTON DEFENSE

Another difference between federal and state law is the availability to the Town of Grafton of a defense to liability for sexual harassment committed by one of its employees. This defense applies only to Count One, the federal law harassment claim.

If you find that the plaintiff has shown by a preponderance of the evidence all the elements of a claim for sexual harassment *and* that she did not suffer a tangible employment action from the alleged sexual harassment, then you may consider the following defense asserted by the Town. In asserting this defense, the burden is on the Town to prove by a preponderance of the evidence the following two elements:

First, that the Town exercised reasonable care to prevent and correct promptly the sexually harassing behavior; and

Second, that the plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Town.

22

## COUNTS TWO & FOUR— ELEMENTS OF THE CLAIM—RETALIATION

Now I will turn to the claims of retaliation, Counts Two and Four. As to these claims, the plaintiff has the burden of proving, by a preponderance of the evidence, each of the following things:

First, that the plaintiff engaged in activity that is specifically protected by the laws against retaliation;

Second, that the defendant took an adverse action against the plaintiff; and

Third, that there was a causal connection between the protected activity and the adverse action.

Again, I will explain each element in turn.

23

## COUNTS TWO & FOUR—FIRST ELEMENT—PROTECTED ACTIVITY

The first element that the plaintiff must prove is that she engaged in activity that is specifically protected by the laws against retaliation.

The law provides that persons may engage in certain forms of activities without suffering retaliation as a result. Among the activities that are protected by law are complaining, whether formally or informally, about sexual harassment in the workplace. Thus, protected activity includes, among other things, complaining to an employer or a supervisor; filing formal complaints with government agencies such as the Massachusetts Commission Against Discrimination or the federal Equal Employment Opportunity Commission; or filing a lawsuit in federal or state court.

## COUNTS TWO & FOUR—SECOND ELEMENT—ADVERSE ACTION

The second element that the plaintiff must prove is that the defendant took an adverse employment action against her.

For an employment action to be considered "adverse," the employee must have had something of consequence taken away from her, or failed to receive a customary benefit of the employment relationship. An adverse employment action can include such things as being demoted; being transferred to a less favorable, or less desirable, position; losing pay, benefits, or perquisites of employment; being assigned less favorable tasks; having workplace freedoms significantly restricted; or being subject to disciplinary actions. Actions that may not be adverse when considered individually may, when considered as a whole, collectively amount to an adverse employment action.

The employment action must be both objectively and subjectively adverse. Thus, the plaintiff must prove that a reasonable employee would have found the employment action to be adverse. An employment action may be adverse if it would have dissuaded a reasonable employee from making or supporting a claim of harassment. The plaintiff must also prove that she, in fact, believed the employment action to be adverse.

25

## COUNTS TWO & FOUR—THIRD ELEMENT—CAUSAL CONNECTION

The third element that the plaintiff must prove is that there is a causal connection between the adverse action and the protected activity.

The plaintiff must show that she would not have been subject to the adverse employment action unless she had first engaged in the protected activity. In other words, the plaintiff must show that the defendant was aware that she engaged in protected activity and took the adverse employment action in response or as a result.

It is not enough for the plaintiff to show that a particular employment decision was not fair or wise. You must find that the defendant would not have taken the action if the plaintiff had not engaged in the protected activity.

## COUNTS TWO & FOUR—AMERICANS WITH DISABILITIES ACT ("ADA")

Defendants contend that the plaintiff was transferred from one position to another as an accommodation to Mr. Connor under the Americans with Disabilities Act, or "ADA." Although no party has brought a claim under the ADA, you may wish to consider the requirements of that law in determining whether defendants unlawfully retaliated against the plaintiff.

The ADA is a federal law that generally prohibits employers from unfairly discriminating against employees with disabilities. There is a similar state law, but for these purposes, you may assume that the laws are the same.

In general, the ADA requires that (1) when an employee has a "disability," and (2) the employee notifies the employer both that he has a disability and that he desires an accommodation to be able to perform the requirements of his job, then (3) the employer must make a "reasonable accommodation," if such an accommodation is available.

Only certain kinds of conditions qualify as "disabilities" under the law. The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities. For a disability to be considered "substantially limiting" within the meaning of the ADA, the disability must be permanent or long-term, not brief or foreseeably temporary. For example, a common cold or a broken leg is not normally a disability under the ADA. A chronic disease (such as multiple sclerosis) or a permanent condition (such as the loss of use of one's legs) would normally qualify as a disability under the ADA.

The employer is not required to make the particular accommodation requested by the disabled employee. Likewise, the employer is not required to make an accommodation regardless of the burden or cost to the employer or to other employees. Instead, the employer is

27

required to act "reasonably"—that is, to consider the request for accommodation in good faith, to engage the employee in a dialogue about possible accommodations, and to make a reasonable accommodation if one is available. Not all disabilities can be reasonably accommodated, and the ADA does not require that employers make accommodations for every disability in every situation.

If a disabled employee contends that he cannot perform the essential functions of his position because another person is physically present in the office, or because the disabled person is required to interact with that employee, the employer is not required to transfer the non-disabled employee. Instead, whether such a transfer is a "reasonable accommodation" depends on the particular facts and circumstances of each situation.

An accommodation that would require an employer to violate another law, such as the law protecting against retaliation, is not a "reasonable accommodation" under the ADA.

Please bear in mind that the issue here is *not* whether any defendant complied with the ADA, but whether any defendant retaliated against plaintiff for asserting her rights. A defendant might act in good faith, or without intent to retaliate, even if the defendant was mistaken as to the requirements of the ADA.

## COUNTS TWO & FOUR—MIXED MOTIVE

Under Counts Two and Four, you are required to consider whether any of the defendants had a motive, or intention, to retaliate against the plaintiff for the exercise of her rights. You may conclude that a defendant transferred the plaintiff from one position to another with a mixed motive—that is, a combination of different motives. If you conclude that the defendant acted in part out of a desire to retaliate against the plaintiff for the exercise of her rights and in part with a different motive, you may nonetheless find for the plaintiff. If retaliation is a motive for the decision, even in part, you may find for the plaintiff.

However, even if the plaintiff proves that the defendant was motivated, in part, by a desire to retaliate, the defendant may seek to prove that he (or it) would have taken the same action regardless of any retaliatory motive. In this circumstance, the defendant bears the burden of proof. Thus, if the defendant prove by a preponderance of the evidence that he (or it) would have taken the same action, even if the plaintiff had not engaged in any protected activity, then you may find for the defendant.

## COUNT FOUR—AIDING AND ABETTING IN RETALIATION

As I indicated, state law provides for individual liability for sexual harassment and retaliation, not just employer liability. Count Four, the state law retaliation claim, alleges claims against six individual defendants. Even if you determine that a particular individual defendant did not directly engage in retaliatory conduct against plaintiff, you must consider whether each individual defendant aided and abetted the retaliatory conduct of another defendant. The law prohibits both retaliation and aiding and abetting the retaliatory conduct of another person.

For you to find that a defendant has aided and abetted retaliatory conduct, you must find that the plaintiff has proved the following two elements:

First, that the defendant gave substantial assistance or encouragement to the party who engaged in the retaliatory conduct, and

Second, that the defendant acted both with knowledge that the other party was engaged in such conduct and with the intent of assisting that person.

In making this determination, you may consider the nature of the act encouraged, the amount of assistance, the importance of the assistance, the defendant's presence or absence for the discriminatory action, or the defendant's state of mind and relationship with the other parties.

Again, this instruction applies only to Count Four, the state law retaliation claim.

30

## COUNT TWO—LIABILITY OF TOWN OF GRAFTON

I now come to another instance where federal law differs from state law. As with federal law against sexual harassment, federal law against retaliation applies only to "employers"—there is no liability against individual persons under federal law. In other words, when a plaintiff believes that she has been retaliated against at work, she cannot bring a federal claim against her supervisor; she can only bring such a claim against her employer. As I told you before, the parties agree that Town of Grafton is the employer of Ms. Billings.

Employers are liable for any retaliation committed against an employee by a supervisor in the course of his employment. Again, the parties agree that Mr. Connor was the supervisor of Ms. Billings. Thus, if you find that the plaintiff has satisfied the elements of a retaliation claim as to Mr. Connor, you should find against the Town of Grafton on Count Two.

## COUNT THREE—LIABILITY OF DEFENDANTS TOWN OF GRAFTON AND CONNOR

Unlike federal law, state law permits a plaintiff to file a retaliation claim against both employers and individuals. The plaintiff has brought a claim for retaliation against her supervisor, Mr. Connor, in addition to her employer, the Town of Grafton.

Again, the basis for the liability of the employer is the same under state law as under federal law. Thus, if you find that the plaintiff has satisfied the elements of a retaliation claim as to Mr. Connor, you should find against Mr. Connor as well as against the Town of Grafton on Count Three.

32

## ALL COUNTS—DAMAGES

If you find that the plaintiff has proved one or more of her claims, then you must decide the amount of damages, if any, that will fairly compensate her. By instructing you on damages, I do not mean to suggest that you should return a verdict for or against any party.

Compensatory damages may be awarded to make the plaintiff whole for any losses that she has suffered because of the defendants' unlawful harassment or retaliation. If you decide that compensatory damages are appropriate, you may also consider whether punitive damages for the plaintiff should be awarded.

## ALL COUNTS—DAMAGES—COMPENSATORY DAMAGES

The purpose of compensatory damages is to permit the plaintiff to recover for the losses she suffered, or is likely to suffer in the future, because of the defendants' conduct.

Compensatory damages may be awarded for any losses due to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other non-economic injuries that you determine the plaintiff has proved. The plaintiff is not required to provide evidence of a monetary value of any such intangible losses, and any calculation of damages need not be based on complete certainty or mathematical precision. Instead, such a calculation should be a reasonable estimate of the amount necessary to compensate the plaintiff for her losses.

In calculating her damages, you may not include any amount for court costs, expenses, or attorney's fees. Similarly, you may not include any amount for interest. The law automatically provides for interest on a damages award, and the Court will calculate any appropriate amount.

34

## ALL COUNTS—DAMAGES—PUNITIVE DAMAGES

In addition to compensatory damages, you may also award punitive damages. The purpose of punitive damages is to punish or sanction the defendant, as opposed to compensatory damages, which make the plaintiff whole.

We come now to the last difference between federal and state law. Under federal law, punitive damages are appropriate if you find that the plaintiff has proved by a preponderance of the evidence that defendants either knew that their actions violated the law or acted with reckless or callous indifference to that risk.

Under state law, punitive damages are appropriate where the plaintiff has proved that the defendants' conduct was outrageous or reprehensible.

Even if you determine that the plaintiff has met the requirements for awarding punitive damages, it is entirely your decision whether to award such damages. Because any award for compensatory damages is intended to remedy in full the losses suffered by the plaintiff, you should award punitive damages only if you determine that the defendants should be punished or sanctioned.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last parts of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict as to each count must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

### [Court explains verdict form.]

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send through the jury officer a note signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically or toward which decision the jury is leaning.